IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| FIDEL ARENAS-TORRES;<br>DIANA QUEZADA;<br>TIMOTHY HOULE;<br>TRINA MARIE FALCON; and<br>MONTE HORBART HOOVER | Violations:  21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(A), 846, 856(a)(1) and 856(b);<br>and 18 U.S.C. §§ 1956(h) and 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and
Distribute Controlled Substances**

The Grand Jury Charges:

From in or between 2018 to the date of this Indictment, in the Districts of North

Dakota, Minnesota, and elsewhere,

FIDEL ARENAS-TORRES;
DIANA QUEZADA;
TIMOTHY HOULE;
TRINA MARIE FALCON; and
MONTE HORBART HOOVER

did knowingly and intentionally combine, conspire, confederate, and agree together and

with others, both known and unknown to the grand jury, to possess with intent to

distribute and distribute 500 grams or more a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance, in violation

of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18,

United States Code, Section 2.

<u>OVERT ACTS</u>

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1.     It was a part of said conspiracy that one or more of the conspirators traveled between Mexico, Minnesota, North Dakota, and elsewhere, to obtain, transport, and distribute methamphetamine;

2.     It was further a part of said conspiracy that the conspirators and others would and did distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine on or near the Turtle Mountain Indian Reservation, North Dakota; Spirit Lake Indian Reservation, North Dakota; and elsewhere, including but not limited to:

    (a) On or about November 13, 2023, DIANA QUEZADA; TIMOTHY HOULE; and TRINA MARIE FALCON; individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely, approximately 50 pounds of a mixture and substance of a detectable amount of methamphetamine;

3.     It was further a part of said conspiracy that certain conspirators sought and located users of methamphetamine to purchase controlled substances from other conspirators;

4.     It was further a part of said conspiracy that certain conspirators sought and located sub-distributors of methamphetamine for other conspirators;

5.     It was further a part of said conspiracy that one or more conspirators received money wire transfers, including but not limited to CashApp (Block, Inc.) and Walmart-to-Walmart (RIA Financial), that were proceeds of methamphetamine sales;

6.     It was further a part of said conspiracy that one or more conspirators sent money wire transfers that were proceeds of methamphetamine sales;

7.     It was further a part of said conspiracy that one or more of the conspirators traveled between Mexico, Minnesota, North Dakota, and elsewhere, via bus, automobile (including rental vehicles), airplane, and other means of transportation for purposes of obtaining and distributing controlled substances, and collecting and distributing proceeds of drug distribution activity;

8.     It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, trailer homes, houses, and hotel rooms on or near the Turtle Mountain Indian Reservation, North Dakota; Spirit Lake Indian Reservation, North Dakota, Minnesota, and elsewhere, to store, conceal, possess, and distribute controlled substances, and to store and conceal the proceeds of drug trafficking conduct, to include but not limited to:

(a) In or about 2018 to the date of this Indictment, TIMOTHY HOULE and TRINA FALCON, individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, TIMOTHY HOULE and TRINA MARIE FALCON opened, used, and maintained one or more residences

on or near the Turtle Mountain Indian Reservation in North Dakota, for

purposes of distributing methamphetamine, a Schedule II controlled

substance, and other controlled substances;

(b) In or about 2018 to the date of this Indictment, MONTE HORBART

HOOVER, individually, and by aiding and abetting, knowingly opened,

leased, rented, used, and maintained any place, whether permanently or

temporarily, for the purpose of distributing and using any controlled

substance; specifically, MONTE HORBART HOOVER opened, used,

and maintained one or more shops/garages in or near Rolette County,

North Dakota, for purposes of distributing methamphetamine, a

Schedule II controlled substance, and other controlled substances;

9.      It was further a part of said conspiracy that one or more conspirators

collected money from other persons to purchase methamphetamine;

10.      It was further a part of said conspiracy that one or more conspirators would

and did attempt to conceal their activities;

11.      It was further a part of said conspiracy that one or more conspirators would

and did use United States currency in their drug transactions;

12.      It was further a part of said conspiracy that one or more conspirators would

and did use telecommunication facilities, including cellular telephones, to facilitate the

distribution of methamphetamine; and

13.     It was further a part of said conspiracy that one or more conspirators would and did use social media websites, including but not limited to WhatsApp and Facebook, to facilitate the distribution of methamphetamine;

In violation of Title 21, United States Code, Section 846 and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

COUNT TWO

**Money Laundering Conspiracy**

The Grand Jury Further Charges:

From in or about 2018 and continuing through the date of this Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

FIDEL ARENAS-TORRES
and DIANA QUEZADA

did knowingly combine, conspire, and agree with one or more persons, both known and unknown to the grand jury, to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956(h), to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, knowingly and intentionally distributing controlled substances: (a) with intent to promote the carrying on of the specified unlawful activity; and (b) knowing that the transaction is designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i);

MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.     FIDEL ARENAS-TORRES; DIANA QUEZADA; and co-conspirators acquired methamphetamine, a Schedule II controlled substance, outside of the District of

North Dakota, to include the State of Minnesota and Country of Mexico, for distribution. The methamphetamine was thereafter transported through, and distributed in, the District of North Dakota, and elsewhere, during the time frame of the conspiracy;

2.      Members of the controlled substance distribution conspiracy organization would sell methamphetamine and currency would be collected and transferred from one person to another to continue the ongoing illegal activity; and

3.      During the course of this conspiracy, persons both known and unknown to the grand jury made deposits and withdrawals of currency from bank accounts and money transfer services, such as Wells Fargo, and utilized money transfer services, such as CashApp (Block, Inc.), Walmart-to-Walmart (RIA Financial), and MoneyGram money services to wire and transfer proceeds of the illegal drug sales from North Dakota to outside of the District of North Dakota, to include Minnesota, Mexico, and elsewhere, with intent to disguise and conceal nature, location, source, ownership, and control of the proceeds of the drug trafficking activity, and to promote and continue the distribution activity;

In violation of Title 18, United States Code, Section 1956(h).

<u>COUNT THREE</u>

**Possession with Intent to Distribute a Controlled Substance – Methamphetamine**
**(500 grams)**

The Grand Jury Further Charges:

On or about November 13, 2023, in the District of North Dakota,

DIANA QUEZADA;
TIMOTHY HOULE; and
TRINA MARIE FALCON,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately 50 pounds of a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

<u>COUNT FOUR</u>

**Maintaining a Drug-Involved Premises**

The Grand Jury Further Charges:

Beginning in or about 2018 to the date of this Indictment, in the District of North Dakota, and elsewhere,

TIMOTHY HOULE and
TRINA MARIE FALCON,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, TIMOTHY HOULE and TRINA MARIE FALCON opened, used, and maintained one or more residences on or near the Turtle Mountain Indian Reservation in North Dakota, for purposes of distributing a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and other controlled substances;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

COUNT FIVE

**Maintaining a Drug-Involved Premises**

The Grand Jury Further Charges:

Beginning in or about 2018 to the date of this Indictment, in the District of North Dakota, and elsewhere,

MONTE HORBART HOOVER,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, MONTE HORBART HOOVER opened, used, and maintained one or more shops/garages in or near Rolette County, North Dakota, for purposes of distributing a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and other controlled substances;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

A TRUE BILL:


/s/ Foreperson
Foreperson


/s/ Mac Schneider
MAC SCHNEIDER
United States Attorney

DMD/vt

10